## FRANCES E. CRUTCHER *v.* GEORGE T. CRUTCHER.

DIVORCE. *Cruel and inhuman treatment. Pederasty. Code* 1892, § 1562.

The crime of pederasty, whether restricted to sodomy, as commonly understood, or defined so as to include bestial habits and improper intimacy by a man with the male sex, is cruel and inhuman treatment, within the meaning of Code 1892, § 1562, making "habitual, cruel, and inhuman treatment" a ground for divorce.

FROM the chancery court of Quitman county.

HON. PERCY BELL, Chancellor.

Mrs. Crutcher, the appellant, was complainant, and her husband, George T. Crutcher, the appellee, was defendant in the court below. From a decree sustaining a demurrer to the bill of complaint and dismissing the suit, the complainant appealed to the supreme court. The suit was for a divorce.

The bill charged "habitual, cruel, and inhuman treatment," averring that the defendant was guilty of what is known as "pederasty" (improper intimacy by a man with the male sex), and that defendant is addicted to such bestial habits with the male sex.

*W. D. Miller,* for appellant.

The chancellor evidently misconceived the ground or cause upon which the bill for divorce was predicated, and seems, from the decree, to have thought that two distinct causes were charged and relied upon, "cruel treatment" and the crime of "pederasty," whereas the vile practice of pederasty was charged as the main and principal ground or conduct constituting the cruel and inhuman treatment. Such an abominable practice and crime against nature is not only a ground for divorce in Mississippi, but in every other state or civilized country where divorces are granted for any cause; and while the offense is not specifically mentioned in the statute, yet it falls under the ground of "cruel treatment," and has been so held and adjudicated. It may be held as a species of "adultery," as shown by the authorities whenever such a case has arisen, though fortunately they are rare.

1 Bish. Mar. & Div. (4th ed.), sec. 739, cites an English case, in which Sir John Nicholl granted the divorce for such a practice, observing: ". . . Could the court send the wife home to such a husband? He resorts to abominable practices, cruelty itself, independent of that other charge.'

The attention of the court is particularly called to the following Ohio decision, "2 Ohio N. P. (Com., p. 342), Anonymous," and the able and logical opinion delivered therein by one of the most eminent jurists of that state overruling a demurrer on precisely the same ground, "that such a practice was not enumerated in the statute as cause for divorce," and holding that it was cruel treatment of the worst character, etc.

This vile habit, or crime against nature, out of consideration and respect for common decency, could not have been more specifically or fully set forth or charged than was done in the complainant's bill. We could not charge "sodomy," because this has been defined, is technical, and has a meaning, and the defendant was not guilty of sodomy (it may not be improper to state here, for the purpose of the argument, that the crime

committed or practiced by defendant is with his mouth, for which there is no other technical name than "pederasty," which sufficiently embraces it, as shown by the larger and latest dictionaries). The charge that the defendant practiced what is known as pederasty, with the further explanatory allegation "improper intimacy with the male sex, and that he is addicted to such bestial habits with human males, the other parties with whom he so practices being the pathics," made the allegation sufficiently explicit and specific.

If "adultery" is deemed a sufficient cause for divorce, certainly the crime against nature charged here is infinitely more serious and greater cause and surely more destructive of the peace, happiness, and objects of the marital relation; and in truth can the human mind conceive of a greater wrong by a husband or a more just and valid cause for a wife's complaint and claim for a divorce?

*A. W. Shands,* for appellee.

Complainant's charge "that some time after their marriage defendant began a course of cruel and inhuman treatment of her" is simply a statement of a conclusion of law, as in it there is no statement of any fact that the court can say would be cruel and inhuman treatment.

Counsel for appellant in his brief now alleges that the crime of pederasty, the definition of which, given by counsel, I accept, is charged in the bill as a species of cruel and inhuman treatment.

Whether it be charged as an independent ground of divorce or to bolster up the charge of cruel and inhuman treatment, it will not avail, for the simple reason that it does not come within the terms or spirit of our statute on the subject of divorce.

Our first statute only made cruelty ground for divorce from bed and board. Hutchinson's Code, 496, sec. 6. The ground there laid down is extreme cruelty. This court in the case of *Kenley* v. *Kenley,* 2 How. (Miss.), 751, construed this section

in a case much stronger for complainant than the one at bar, and there said: "To justify the wife in leaving the bed and board of her husband on account of cruel treatment, there must be a reasonable apprehension of bodily harm. Mere austerity of temper, petulance of manner, rudeness of language, a want of civil attention, even occasional sallies of passion, if they do not threaten bodily harm, do not amount to such cruelty, against which the law can relieve."

In the code of 1857 the same provision is brought forward. In the codes of 1871 and 1880 the statute expressly adopted the construction of the supreme court in the Kenley case, *supra,* and provides that the cruel and inhuman treatment must be characterized by personal violence. In the code of 1892, the last enactment on this question, the legislature, being cognizant of the judicial construction of cruelty, left off the provision as to personal violence as surplusage.

The right to grant divorce exists only by statute, and the courts have no power to decree divorces upon any ground except those enumerated by the statute.

WHITFIELD, C. J., delivered the opinion of the court.

The demurrer should have been overruled. We hold the crime of pederasty to be cruel and inhuman treatment, within the meaning of our statutes on the subject. We approve the reasoning of the Ohio case cited by counsel for the appellant. That court says (quoting from Mr. Bishop in the fourth edition of his work on Marriage and Divorce): " 'Cruelty, in the sense of the statutes on this subject, is such conduct in one of the married parties as renders his continuance of cohabitation either so dangerous to the other party in fact, or attended with such reasonable apprehension in the mind of the other, to the physical distress or discomfort of the other, as to demand his separation on the ground of the real physical safety of the other, or of mental or physical capacity of the other to discharge well the duties of husband or wife.' 1 Bishop on

Marriage and Divorce (4th ed.), 716, 717. Tested by these principles and these definitions, the act of sodomy charged is legal cruelty, within the terms of our statute. Unnatural practices of the kind charged here are an infamous indignity to the wife, and which would make the marriage relation so revolting to her that it would become impossible for her to discharge the duties of wife, and would defeat the whole purpose of the relation. In the natural course of things, they would cause mental suffering to the extent of affecting her health, and would give rise to serious apprehension of communication to her of disease in case of the continuance of cohabitation. Such conduct constitutes extreme cruelty, as explained by the courts." All that is here said of sodomy is equally applicable to pederasty, as defined by the bill in this case. Whether restricted to sodomy, as commonly understood, or whether pederasty means what is here alleged in this case, or what it is defined to be in the larger dictionaries, it is cruel and inhuman treatment, within the meaning of our statute.

*Reversed, demurrer overruled, and cause remanded, with leave to answer in thirty days from the filing of the mandate in the court below.*