### STRINGER v. STRINGER.

In Banc.    June 12, 1950.

No. 37528 (46 So. (2d) 791)

**O. M. Oates,** for appellant.

**Welch, Cooper & Welch,** for appellee.

**Hall, J.**

Appellee sued for a divorce from appellant upon the sole ground of habitual cruel and inhuman treatment, consisting of alleged quarreling, nagging, failure to provide proper support, and one single act of alleged personal violence. From a decree granting that relief the husband appeals and contends that the same is contrary to the overwhelming weight of the evidence, and argues in connection therewith that the evidence is insufficient to support a decree for divorce.

In considering this contention it is well to keep in mind certain rules of law established by our decisions. One is that it is a rare case in which we will reverse a chancellor upon a disputed question of fact, and that we should accept his finding upon those matters which are supported by direct evidence as well as upon all conclusions which may be reasonably deduced therefrom. Another is that his decree is not conclusive and binding upon us unless there are sufficient facts and reasonable conclusions from those facts to support the decree.

There was a sharp conflict in the evidence on every essential fact in this case with the evidence strongly preponderating in favor of appellant. Since we would not reverse upon a mere preponderance of the evidence, we must on this appeal accept as true everything proved by appellee in making out her case. The record is voluminous, being more than 400 pages, but when it is all condensed the appellee's proof is simply this: That ap-

pellant at times was quarrelsome, that he did not provide the necessities of life as liberally as he could have, and that on the day before filing of this suit he choked appellee inflicting bruises which disappeared within about two weeks. It is not contended that he ever cursed or abused her or called her improper names, nor that his treatment in any manner impaired or endangered her life, limb or health, nor that the bruises allegedly inflicted upon her were sufficient to require medical attention. The parties were married to each other in 1941, both having been previously married. The husband is now 70 years of age and the wife is 65 years of age. Neither is in good health. She admitted that she is nervous and that she quarrels at him. These, in short, are the facts upon which appellee relies in support of the decree.

Section 2735 of the Mississippi Code of 1942 authorizes the granting of a divorce upon any one of twelve different grounds, among which is habitual cruel and inhuman treatment. In discussing this ground Judge Amis in his excellent work, Divorce and Separation in Mississippi, Section 104, says: ''The popular idea is that, like charity, it covers a multitude of marital sins, and is the easiest road to freedom from the marital bonds. As a result suits are often brought, based on petty indignities, frivolous quarrels, general incompatibility and the petulant temper of one or both parties, seeking divorce for habitual cruel and inhuman treatment, without ever realizing or understanding, in the remotest degree, what is meant by the words as used in the statute. They do not realize the nature, gravity, or duration of the cruelty required to warrant a divorce. . . . The cruelty required by the statute is not such as merely to render the continuance of cohabitation undesirable, or unpleasant, but so gross, unfeeling and brutal as to render further. cohabitation impossible, except at the risk of life, limb, or health on the part of the unoffending spouse; and that such risk must be real rather than imaginary merely, and must be clearly established by the proof.''

After reviewing several Mississippi authorities Judge Amis concludes Section 106 with this statement: ██ ██ "The necessary conclusion from all these judicial definitions is that mere marital unhappiness, no matter how intense it may be, caused or induced by ill treatment of one spouse by the other will not warrant divorce, unless it be of such a character, and so long persisted in, as actually to become dangerous to the life, limb or health of the other spouse, or to create a reasonable apprehension of such danger, and thus render further cohabitation unsafe for the unoffending spouse. Nothing short of this will suffice."

In addition to the authorities cited by Judge Amis in the above mentioned and succeeding sections we call attention to the more recent cases of Price v. Price, 181 Miss. 539, 179 So. 855, and Nichols v. Nichols, 197 Miss. 302, 20 So. (2d) 72.

Every word of the record in this case has been read by two members of the court and the case has been thoroughly presented to and discussed by all the judges in conference and we have reached the conclusion that the evidence for appellee, accepted in full as being true, falls short of making out a case of habitual cruel and inhuman treatment under our statute and decisions. It shows no course of conduct that could be classified as dangerous to life, limb or health, or that should create a reasonable apprehension of such danger. Consequently, the decree must be reversed and judgment here entered dismissing the bill of complaint.

Reversed and judgment here.