SANTOS *v.* SANTOS

No. 39785          November 28, 1955          83 So. 2d 637

426

*Donald W. Cumbest,* Pascagoula, for appellant.

*Merle F. Palmer,* Pascagoula, for appellee.

McGehee, C. J.

A bill for divorce was filed by the appellant C. B. Santos, a native of Brazil, who had moved to Pascagoula, Mississippi, where he was duly and legally married to the appellee Lenora Santos on or about January 15, 1948. The parties were separated on or about August 17, 1953, and the ground on which the appellant sought the divorce was the alleged habitually cruel and inhuman treatment of him by his wife. The trial court correctly held that the evidence offered by the husband was insufficient to sustain his allegations of habitually cruel and inhuman treatment of him by his wife. At least we are not justified in holding that he was manifestly wrong in his finding in that behalf.

The wife filed an answer and cross bill, the answer denying the allegations of the original bill of complaint and the cross bill containing allegations of habitually cruel and inhuman treatment of the wife by the husband. She was the only witness who testified to sustain the allegations of her cross bill and there is nothing in the testimony of the husband and his witnesses to corroborate her testimony. Therefore, under the decisions of this Court in the cases of Anderson v. Anderson, 190 Miss. 508, 200 So. 729, and Chambers v. Chambers, 213

Miss. 71, 56 So. 2d 33, and the authorities therein cited, the wife was not entitled to a divorce on her uncorroborated testimony in support of her cross bill.

Therefore, neither of the parties were entitled to a divorce under the testimony offered in the light of the decisions of this Court in the cases of Humber v. Humber, 109 Miss. 216, 68 So. 161; Russell v. Russell, 157 Miss. 425, 128 So. 270; Price v. Price, 181 Miss. 539, 179 So. 855; Stringer v. Stringer, 209 Miss. 326, 46 So. 2d 791; and Chambers v. Chambers, supra. Nevertheless, she was granted a divorce by the trial court, and was awarded permanent alimony in the sum of $25.00 per month beginning the first day of January, 1954. Under the state of this record the wife was not only not entitled to a divorce but was not entitled to be supported by the payment of permanent alimony while living separate and apart from her husband. The decree also allowed the wife the sum of $100.00 as an attorney's fee for defending the divorce suit and for his legal services in the trial of the case. The decree should be affirmed wherein it denied a divorce to the husband, reversed wherein it granted a divorce and alimony to the wife, and should be affirmed wherein it allowed the attorney's fee to the wife for services rendered in the trial court.

The motion for an attorney's fee to the wife in this Court to pay for the services of an attorney in defending the decree of the lower court appealed from by the husband should be sustained, and the amount of the fee here is fixed at the sum of $50.00, it being the customary practice of this Court to allow on appeal one-half of the fee allowed in the trial court, where such allowance is deemed to be reasonable. The cause will, therefore, be affirmed in part and reversed in part, that is to say in the particulars hereinbefore mentioned, and the motion for the attorney's fee here is sustained in the amount of $50.00.

There was no motion or hearing had in the trial court for alimony pendente lite, nor was there any allowance

made therefor in the trial court, and the only motion before this Court is that for the allowance of an attorney's fee on this appeal. Since the husband is obtaining a reversal of the decree allowing his wife a divorce and alimony, the cost of this appeal, other than the attorney's fee allowed her, is to be assessed against her.

Affirmed in part, reversed in part and decree here for the appellant on the cross bill, and for the wife as to an attorney's fee in this Court.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.