## Ladner *v.* Ladner

No. 40745          April 14, 1958          102 So. 2d 195

January 6, 1958                    99 So. 2d 599

*Thomas L. Wallace,* Biloxi; *Pittman & Pittman,* Hattiesburg, for appellant.

*Wingo & Finch,* Hattiesburg, for appellee.

McGehee, C. J.

The appellant, Adolph Ladner, and the appellee, Alma S. Ladner, were married on September 8, 1945 or 1946 in Stone County, Mississippi. No children were born of the said marriage. The appellant, after living with the appellee for approximately ten years, left their home at Hattiesburg in Forrest County, and went to the Gulf Coast to live. He did not invite his wife to go with him, and she remained in their home at Hattiesburg where she still resides, and has employment at the Mississippi Southern College.

On April 2, 1956, the appellant filed suit against his wife for a divorce, charging habitual cruel and inhuman treatment of him by her. The bill of complaint did not waive answer under oath, since a bill for divorce is never taken as confessed whether answered or not.

The appellee filed an answer under oath to the bill of complaint, denying all of the allegations as to habitual cruel and inhuman treatment.

The bill of complaint also sought a partition of the homestead property at Hattiesburg, and of the joint savings account of the appellant and the appellee.

■■■ It is assigned as error on this appeal, (1) that the court erred in holding that the proof offered by the complainant was insufficient to sustain the allegations of his bill of complaint as to habitual cruel and inhuman treatment of the complainant by the defendant; (2) the failure of the court to order a sale for partition of the homestead property at Hattiesburg; and (3) the failure of the court to adjudge that the wife was indebted to the husband for one-half of the amount of funds in the joint savings account, which was being maintained at the time of the separation.

We are of the opinion that after treating all the facts expressly testified to by the complainant as being established, and considering as true all reasonable inferences to be deducted therefrom, we are not justified in reversing the decree of the chancellor wherein he held that the evidence offered by the complainant was insufficient to warrant the granting of a divorce to him from his wife on the ground of her alleged habitual cruel and inhuman treatment of him under the decisions of Humber v. Humber, 109 Miss. 216, 68 So. 161, Stringer v. Stringer, 209 Miss. 326, 46 So. 2d 791, and McBroom v. McBroom, 214 Miss. 360, 58 So. 2d 831, and that therefore the trial court did not err in sustaining the defendant's motion to exclude the evidence offered by the complainant.

■■■ As to the complaint of the appellant that the court failed to decide the issue and grant the prayer of the complainant that the homestead property in Hattiesburg be sold for a division of the proceeds, it is only necessary to observe that since the complainant was not en-

titled to a divorce, he was not entitled to have the homestead sold for a partition of the proceeds as long as the wife desires to occupy the same as her home while she is his wife, since the husband has, according to the finding of the trial court, absented himself from the home without justifiable cause for deserting her.

As to the assignment of error to the effect that the court should have rendered a decree in favor of the appellant against the appellee for one-half of the joint savings account which was being maintained at the time of the separation, we deem it sufficient to say that the complainant failed to show by his proof that one-half of the said fund belonged to him, or as to what portion thereof belonged to him, assuming that he contributed a part of the funds that were deposited in the said joint savings account.

Moreover, complainant admitted in his testimony that during the time he and the appellee were living together she was earning approximately $240 a month in teaching school during the school term, and that during a period of approximately four years after their marriage, he was a student first at the Mississippi Southern College and later at the Mississippi State College under the "GI Bill of Rights", from which he received $105 per month plus his tuition and books, and was earning no additional income, and that thereafter during some of the years his wife's income exceeded that received by him, according to their joint income tax return; and that while she did not testify in view of the fact that her motion to exclude the complainant's testimony was sustained when he rested his case, her sworn answer averred that all of the funds placed in the savings account were from her earnings, and that no part thereof was contributed by him. He did testify that some of the money deposited in the savings account after he finished college, was from his own earnings, but failed to show what portion thereof

was derived from his earnings, and therefore failed to show what portion of the said fund, if any, he was entitled to a decree for, as against her. Moreover, she also averred in her sworn answer that the amount of the balance in the savings account was not the same as that alleged by the complainant in his bill of complaint, since she had withdrawn a substantial portion of the fund to pay off the indebtedness on their homestead in Hattiesburg.

In view of the foregoing observations, we are of the opinion that the decree appealed from should be affirmed.

Affirmed.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.,* concur.

## ON MOTION FOR COUNSEL FEES PENDENTE LITE

ETHRIDGE, J.

Appellant brought a suit for divorce from his wife, the appellee, in the Chancery Court of Forrest County. The final decree sustained appellee's motion to exclude the testimony and dismiss the bill. In the trial court appellee did not ask for or obtain a decree for counsel fees, and the decree made no mention thereof.

This case on appeal will not be docketed for submission to this Court for several months. Appellee, Mrs. Alma S. Ladner, has filed a motion for an allowance of counsel fees for resisting this appeal. **(Hn 5)** The pertinent rule is summarized in Bunkley and Morse, Amis On Divorce and Separation in Mississippi (1957), Sec. 5.09, page 176: " . . .pending an appeal of the case the Supreme Court will not grant counsel fees pendente lite where the lower court declined to allow counsel fees. Such motion to the Supreme Court will be overruled without prejudice to the claim for counsel fees when the cause is heard on the merits."

In Castleberry v. Castleberry, 56 So. 2d 77 (Miss. 1952), where the lower court had declined to allow counsel fees, it was stated that there was therefore no authority "whereby we may fix and allow such fees pendente lite". The same rule should apply where such fees are not requested in the trial court. Accordingly, this motion is overruled, without prejudice to a claim for counsel fees when the cause is heard on the merits.

Motion for counsel fees pendente lite overruled.

*McGehee, C. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.