## Howard *v.* Howard

No. 42207          February 26, 1962          138 So. 2d 292

*Jesse M. Byrd,* Leakesville; *Ben Stevens,* Hattiesburg, for appellant.

*W. S. Murphy,* Lucedale, for appellee.

McELROY, J.

This is an appeal from the Chancery Court of George County, Mississippi, by the complainant-appellant Mrs. Virginia Howard against the defendant-cross-complainant-appellee Wesley H. Howard. Mrs. Virginia Howard alleged she and defendant were married April 12, 1947, and separated July 15, 1959. They have six minor children; she filed a bill for divorce on the ground of cruel and inhuman treatment. She alleged that the defendant habitually nagged, cursed and abused her and committed personal acts of violence upon her on several occasions. Such mistreatment and misconduct has caused her to suffer physical and mental anguish to the extent that her nervous system was greatly impaired and her health and life endangered thereby.

Wesley H. Howard, defendant, denied all of these allegations and filed a cross bill for divorce from the complainant on the grounds of obstinate desertion for over a year. The court after hearing the evidence in the case denied both the complainant and cross-complainant a divorce, but did grant the cross-complainant custody of the children who were in the home of the cross-complainant's father and mother. The appellant had the right of visitation. The court disallowed alimony but did allow attorney's fee of $150.00.

The chancellor had before him all of the witnesses who testified. He had the opportunity to observe the witnesses, the manner in which they testified, and their appearance and demeanor on the stand. From all of the facts in the record, he was of the opinion that there was not sufficient evidence to justify a decree for either the appellant or appellee. ▇▇ ▇ We believe there is sub-

stantial evidence to support the finding of fact disallowing a divorce, and also sufficient findings of fact to justify his holding as to the best interest of the six minor children.

We will not reiterate the testimony in this case for we do not believe it would serve any useful purpose. It is one of those cases that shows the conditions of our modern home where both parents are working; both the appellant and appellee appearing to have more interest in their outside activities rather than domestic. The appellant is perfectly willing to take the appellee back and live with him.

In the case of Stringer v. Stringer, 209 Miss. 326, 46 So. 2d 791, this Court held the Supreme Court should accept the chancellor's findings upon those matters which are supported by direct evidence as well as upon all conclusions which may be reasonably deducted. The Court said: "Section 2735 of the Mississippi Code of 1942 authorizes the granting of a divorce upon any one of twelve different grounds, among which is habitual cruel and inhuman treatment. In discussing this ground Judge Amis in his excellent work, Divorce and Separation in Mississippi, Section 104, says: 'The popular idea is that, like charity, it covers a multitude of marital sins, and is the easiest road to freedom from the marital bonds. As a result suits are often brought, based on petty indignities, frivolous quarrel, general incompatibility and the petulant temper of one or both parties, seeking divorce for habitual cruel and inhuman treatment, without ever realizing or understanding, in the remotest degree, what is meant by the words as used in the statute. They do not realize the nature, gravity, or duration of the cruelty required to warrant a divorce. * * * The cruelty required by the statute is not such as merely to render the continuance of cohabitation undesirable, or unpleasant, but so gross, unfeeling and brutal as to render further cohabitation impossible, except at

the risk of life, limb, or health on the part of the unoffending spouse; and that such risk must be real rather than imaginary merely, and must be clearly established by proof'." See Price v. Price, 181 Miss. 539, 179 So. 855, and Nichols v. Nichols, 197 Miss. 302, 20 So. 2d 72.

In Scott v. Scott, 219 Miss. 614, 69 So. 2d 489, the Court, quoting from Russell v. Russell, 157 Miss. 425, 128 So. 270, said: "Cruel and inhuman treatment, unaccompanied by personal violence, within the meaning of the statute, is such conduct only as endangers life, limb, or health, or creates a reasonable apprehension of danger thereto, thereby rendering the continuance of the marital relation unsafe for the unoffending spouse, or such unnatural and infamous conduct as would make the marital relation revolting to the unoffending spouse and render it impossible for him or her, as the case may be, to discharge the duties thereof, thus defeating the whole purpose of that relation. Crutcher v. Crutcher, 86 Miss. 231, 38 So. 337; Humber v. Humber, 109 Miss. 216, 68 So. 161; McNeill v. McNeill, 125 Miss. 277, 87 So. 645; 19 C. J. 44."

The case is therefore affirmed.

Affirmed.

*Lee, P. J.,* and *Arrington, Rodgers* and *Jones, JJ.,* concur.