464 So.2d 1161 (1985)
Hardy R. STENNIS
v.
Jo Ann Harrell STENNIS.
No. 54648.
Supreme Court of Mississippi.
March 6, 1985.
Robert D. Jones, Martin & Jones, Meridian, for appellant.
Conrad Mord, Tylertown, for appellee.
Before ROY NOBLE LEE, P.J., and SULLIVAN and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This is an appeal from a divorce granted in Noxubee County on the ground of habitual cruel and inhuman treatment. Appellant contested this action to dissolve their eighteen-year marriage, which was childless. Appellant, after retiring from the military, is currently engaged in the practice of law. Appellee was a housewife for a great majority of time of the marriage, although she worked during appellant's two tours of duty in Viet Nam.
Appellee alleged a lengthy history of cruelty and drunkenness on the part of her husband. Appellant admitted in the mid-1960's to once slapping her, once putting her in a hammer-lock in 1967, and once washing her mouth out with soap in 1979. While he admitted casual drinking and acknowledged that appellee was bothered by this, he denied continuing drunkenness and attendant abuse. It should be noted that appellee did not allege habitual drunkenness as an alternative ground for divorce. At trial appellant was able to produce affidavits corroborating the fact that his drinking was social, and appellee did not produce any witnesses corroborating her testimony alleging drunken abuse on the appellant's part. Appellee admitted that she had lost her love for appellant, resented living in a small town, and incompatibility with appellant. The chancellor found that appellant drank and granted a divorce for habitual cruel and inhuman treatment, awarding appellee both lump sum and temporary *1162 monthly alimony. This Court is forced to reverse.
A careful review of the case law in Mississippi shows that the conduct of appellant did not rise to the level of habitual cruel and inhuman treatment. There are two recent decisions applicable to the case at bar. In Marble v. Marble, 457 So.2d 1342 (Miss. 1984), this Court stated that:
In discussing habitual cruel and inhuman treatment as grounds for divorce, we said in Howard v. Howard, 243 Miss. 301, 303-304, 138 So.2d 292, 293 (1962).
"The popular idea is that, like charity, it covers a multitude of marital sins, and is the easiest road to freedom from the marital bonds. As a result suits are often brought, based on petty indignities, frivolous quarrels, general incompatibility and the petulant temper of one or both parties, seeking divorce for habitual cruel and inhuman treatment, without ever realizing or understanding, in the remotest degree, what is meant by the words as used in the statute. They do not realize the nature, gravity, or duration of the cruelty required to warrant a divorce. * * * The cruelty required by the statute is not such as merely to render the continuance of cohabitation undesirable, or unpleasant, but so gross, unfeeling and brutal as to render further cohabitation impossible, except at the risk of life, limb, or health on the part of the unoffending spouse; and that such risk must be real rather than imaginary, merely, and must be clearly established by proof." (Emphasis added).
Also, in Gallaspy v. Gallaspy, 459 So.2d 283 (Miss. 1984), this Court again denied a divorce on the grounds of habitual cruel and inhuman treatment where the primary conflict seemed to be that of incompatibility. In a special concurrence to that opinion, Justice Robertson advocates that the legislature enact a law for irreconcilable differences where the chancellor fixes the property settlement, rather than the parties. Thus, where one party wants to end a marriage, the other party cannot use a superior bargaining position to insist on a one-sided property settlement agreement.
While this Court realizes the attendant difficulties in reversing a divorce granted, we are compelled to by the facts of the case and the law in this state. We find that the chancellor was manifestly in error in granting the divorce and alimony. At the same time, the Court realizes that it is doubtful that the parties will return to a relationship of husband and wife, but this Court cannot find habitual cruel and inhuman treatment in the record herein.
For the foregoing reasons, this Court will reverse the decision below, with the understanding that the lower court has adequate power and authority to adjudicate the rights of the parties and the decision here does not prejudice any of them in the enforcement of those rights.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.
PRATHER, J., not participating.