481 So.2d 326 (1985)
John Dupuis FOURNET, Jr.
v.
Sarah Mullins FOURNET.
No. 56516.
Supreme Court of Mississippi.
December 18, 1985.
*327 Daniel H. Fairly, Stratton & Fairly, Brookhaven, for appellant.
Patricia R. Alexander and Harlon Varnado, Jackson, for appellee.
Before PATTERSON, C.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
The sufficiency of evidence for the granting of a divorce on the ground of habitual cruel and inhuman treatment is the subject of this appeal. Sarah Mullins Fournet filed suit against her husband, John Dupuis Fournet, Jr., seeking a divorce, alimony, and property division. Following the award of all these requests to Mrs. Fournet, the husband appeals.
John Dupuis Fournet assigns the following errors, to wit:
(1) The lower court erred in failing to sustain appellant's motion to dismiss the complaint for divorce and in granting a divorce on the ground of habitual cruel and inhuman treatment.
(2) The lower court erred in granting appellee title to the Mercedez-Benz automobile.
(3) The lower court erred in requiring appellant to pay temporary alimony.
(4) The lower court erred in failing to sign the bill of exception.
(5) The lower court erred in overruling appellant's motions for new trial or in the alternative amendment of final judgment and motion for bill of exceptions.
(6) The lower court erred in awarding appellee $200.00 attorney's fee pursuant to Rule 11(b) of Mississippi Rules of Civil Procedure.

I.
Appellant and appellee were married June 5, 1982, and resided together in Jackson, Mississippi. No children were born to this marriage. They separated October 4, 1984 when appellee left the marital domicile and moved in with her sister.
Mrs. Sarah Fournet alleged as her grounds for divorce habitual cruel and inhuman treatment and irreconcilable difference. She testified about only four (4) specific occasions wherein appellant was abusive, cruel and inhuman, as she describes it. First, she accuses the appellant of having fussed at her about their checkbook and checking account. The discussion took place in the bedroom of their home while appellant was having a drink of whiskey. Second, appellee testified that appellant called her "bitch" on one (1) occasion. Third, appellee says appellant beat his dog on one (1) occasion because the dog got paint on appellant. This upset appellee. Finally, appellee charges appellant with berating her after she bumped a car in the parking lot of a hospital.
Appellee further testified that appellant intimidated her by his silence and ignoring her. She was anxious because appellant's sister is retarded and appellant would not discuss with her the possibility of a child born of their union having the same condition. As witness for appellee, Kathy Dedeaux, her sister, testified that appellant became enraged at the hospital the day appellee bumped another car. Dedeaux testified that appellant intimidated appellee and that appellee is much happier since she left appellant. Dedeaux charges appellant with having said "goddammit" on one occasion  the incident at the hospital. However, she further testified that appellant did not curse in her presence and that he never had or would strike appellee. Appellant answered and filed no counter-claim for divorce. He denied that his wife had grounds for divorce on the habitual cruel and inhuman treatment premise, but admitted *328 he did not object to her being granted a divorce. He was by occupation an oil and gas broker who spent most of his weeks away from home, returning to the domicile on weekends.
Appellant stated that he did get mad at her the day appellee bumped into another car in the hospital parking lot. He remembered the incident in the bedroom, but stated that this was at the time of appellee's leaving him. He admitted he called her a "bitch" one (1) time. Pam Jew, a neighbor of the Fournets and close friend of appellee, testified that appellee didn't know whether she loved appellant any longer, that appellant was "so good to her" and that they never argued. She stated that appellee confessed to her that she had to charge appellant with habitual cruel and inhuman treatment because he would not give her a no-fault divorce. Pam Jew never saw appellant abuse appellee and knows that appellee did not like to have sexual intercourse with appellant.
The chancellor in his bench opinion stated:
This is almost a perfect case that Judge Robertson discussed in his memorandum that was a part of the recent decision of the Mississippi Supreme Court.... I would be the first to concede that the grounds for divorce as far as habitual cruel and inhuman treatment are skimpy. The divorce should be granted on the thirteenth ground for divorce, irreconcilable differences ...
Nevertheless, the chancellor granted the wife a divorce without specifying the ground, title to a 1972 Mercedes-Benz automobile used by the wife, one-half of the Individual Retirement Account (IRA), certain household items to which the husband agreed, and $200.00 per month temporary alimony for six (6) months. The husband was granted a ten thousand dollar savings account, but the checking account was divided equally between husband and wife. Neither party was granted exclusive possession of the home to allow partition if either party desired to do so. In the judgment formalizing the bench opinion, the husband was required to pay all mortgage payments, repair, maintenance, and other items on the jointly-held home.

II.
Was the wife's proof sufficient to award a divorce on the ground of habitual cruel and inhuman treatment?
This Court has long interpreted facts which constitute the ground of habitual cruel and inhuman treatment, and this interpretation has evidenced a reflection of the mores of the time. Humber v. Humber, 109 Miss. 216, 68 So. 161 (1915). In more recent years, a more liberal interpretation to the proof of this ground was evidenced. Wires v. Wires, 297 So.2d 900 (Miss. 1974). With the addition of irreconcilable differences as grounds for divorce, under certain conditions, this Court reemphasized the necessity of proof to sustain the grounds for habitual cruel and inhuman treatment. Gallaspy v. Gallaspy, 459 So.2d 283 (Miss. 1984). In the Gallaspy case this Court stated:
If habitual cruel and inhuman treatment is to remain the seventh ground for divorce under the divorce statutes of Mississippi, then when a complaint is filed charging that ground for divorce, the proof must sustain it. Otherwise, the ground should be repealed by the legislature, but not the judiciary.
Id. at 285. See also: Marble v. Marble, 457 So.2d 1342 (Miss. 1984), Stennis v. Stennis, 464 So.2d 1161 (Miss. 1985), Kergosien v. Kergosien, 471 So.2d 1206 (Miss. 1985). These latest cases have all found the proof to be woefully short of that required under our law.
The case sub judice is of the same weakness. In the light most favorable to the appellee, the facts show "the continued cohabitation undesirable, or unpleasant, but not so gross, unfeeling and brutal as to render further cohabitation impossible, except at the risk of life, limb, or health on the part of the unoffending spouse." *329 Stennis v. Stennis, supra. Mrs. Fournet testified that a lack of communication was the problem. "I am sure that I was some of the problem, but not all of the problem... . John has never endangered my life... . He has endangered my health and emotional state ... this was both of our problem... . I did not consider continuing to live in my home unsafe... . He intimidated me many times over many different issues... . I was afraid to spend much money."
Additionally, Mrs. Fournet offered no proof as to a causal connection between the cruel treatment of which she complained and her separation from the household. There is a necessity for this causal relationship to be proved when relying on the ground of habitual cruel and inhuman treatment, and it must be related in point of time to the separation. Harrison v. Harrison, 285 So.2d 752 (Miss. 1973); Bunkley and Morse's Amis Divorce and Separation in Mississippi, § 3.14(17) (1957); N. Hand, Divorce, Alimony and Child Custody, § 4.12, (1981); Divorce Habitual Cruel And Inhuman Treatment, 45 M.L.J. 1073 (1974). Mrs. Fournet did testify as to two visits to a psychiatrist over a year prior to the separation.
In light of the proof most favorable to appellee and in light of the above recent decisions of this Court, it is the opinion of this Court that the proof fails to sustain the ground of habitual cruel and inhuman treatment. This Court, therefore, reverses the trial court and denies the divorce and other relief granted Mrs. Fournet.
The other assignments of error are not addressed with the Court's rendition of this appeal.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.