802 So.2d 128 (2001)
Douglas R. SCALLY, Appellant
v.
Patricia H. SCALLY, Appellee.
No. 1999-CA-02124-COA.
Court of Appeals of Mississippi.
December 18, 2001.
*129 Kevin R. Roberts, Birmingham, AL, Attorney for Appellant.
Sam P. Cooper Jr., Attorney for Appellee.
Before KING, P.J., THOMAS, and LEE, JJ.
KING, P.J., for the Court.
¶ 1. This is an appeal from the Chancery Court of Pearl River County, Mississippi, where Patricia H. Scally was granted a divorce on the grounds of habitual cruel and inhuman treatment. Aggrieved by that decision, Mr. Scally has appealed. He presents four issues for this Court's consideration, which we cite verbatim:

I.
Whether the Plaintiff carried her burden of proving that the Defendant committed a pattern of habitual cruel and inhuman treatment such as would entitle her to a divorce.

II.
Whether a divorce may be granted when the evidence on the grounds for divorce is not corroborated by any evidence or witness.

III.
Whether an award of custody is proper when neither party requested such relief and where the trial court had insufficient evidence before it to make a proper determination.

IV.
Whether the trial court has jurisdiction to entertain a motion to alter a final judgment which was filed more than ten days after the entry of judgment.

FACTS
¶ 2. On August 25, 1975, the Scallys were married in Florida. In 1980, they moved to Picayune, Mississippi. During this period, Mr. Scally worked at the Stennis Space Center. Mrs. Scally, while having a college degree, stayed at home to perform the responsibilities of wife and mother. She did however work during the *130 last six years of this marriage in the Picayune School System.
¶ 3. On March 12, 1999, Mrs. Scally filed for divorce upon the grounds of habitual cruel and inhuman treatment.
¶ 4. The chancellor conducted a bifurcated trial. The first portion dealt with the grounds for divorce, while the second portion addressed the issues of alimony, child custody and support, and the division of marital property.
¶ 5. On May 26, 1999, the chancellor, in a bench ruling, granted Mrs. Scally a divorce. He reduced that ruling to writing on June 10, 1999. He considered and tried the remaining issues on July 21, 1999. On September 8, 1999, Mr. Scally filed a motion requesting that the chancellor reconsider his findings of habitual cruel and inhuman treatment. On December 3, 1999, the chancellor signed a final decree as to all matters in this case. That decree was filed by the chancery clerk on December 7, 1999.
¶ 6. On December 13, 1999, Mr. Scally requested a stay of judgment pending appeal. On December 16, 1999, Mrs. Scally filed for clarification of the final judgment. On December 23, 1999, Mr. Scally filed a notice of appeal. On January 21, 2000, Mrs. Scally requested that Mr. Scally be held in contempt, and amended her motion for clarification of the December 1999 judgment. All post trial motions were disposed of in the chancellor's order of February 28, 2000.

RESOLUTION OF THE ISSUES
¶ 7. In her brief, Mrs. Scally has suggested that the jurisdiction of this Court has not been properly invoked. We therefore deem it appropriate to first address the question of jurisdiction, prior to undertaking a resolution of the issues raised by Mr. Scally.
¶ 8. Specifically, Mrs. Scally suggests that the May 26, 1999 bench ruling was a final judgment, and notice of appeal should have been given within thirty days of entry of the written judgment on June 10, 1999.
¶ 9. Only final judgments are subjected to appeal. M.R.C.P. 54(a). A final judgment is one which resolves all issues, and requires no further action by the court. Fortune v. Lee, 725 So.2d 747 (¶ 5) (Miss.1998).
¶ 10. The May 26, 1999, bench ruling did not resolve all the issues then before the trial court. Accordingly, it was an interlocutory judgment, from which an appeal could not be taken.
¶ 11. This Court finds that a timely notice was given by Mr. Scally, and that this matter is properly before this Court.

Standard of Review
¶ 12. Our standard of review for divorce actions is very familiar:
This Court views the facts of a divorce decree in a light most favorable to the appellee, and may not disturb the chancery decision unless this Court finds it manifestly wrong or unsupported by substantial evidence, Mullins v. Ratcliff 515 So.2d 1183, 1193 (Miss.1987); Devereaux v. Devereaux, 493 So.2d 1310, 1312 (Miss.1986); Fournet v. Fournet, 481 So.2d 326, 328 (Miss.1985).

I.

Whether the Plaintiff carried her burden of proving that the Defendant committed a pattern of habitual cruel and inhuman treatment such as would entitle her to a divorce.

II.

Whether a divorce may be granted when the evidence on the grounds for divorce is not corroborated by any evidence or witness.
¶ 13. Because issues I and II address the same thing, this Court has combined them for purpose of disposition.
*131 ¶ 14. Mr. Scally has requested that the divorce be set aside because of Mrs. Scally's failure to prove cruel and inhuman treatment.
¶ 15. Mrs. Scally offered testimony that during the course of their twenty-five years of marriage, Mr. Scally was moody, controlling, dominating, and verbally abusive. She testified that this conduct affected her health, and caused her to fear for her safety.
¶ 16. While Mr. Scally disputed this, the chancellor noted specific reasons why he found Mr. Scally's testimony incredible and unworthy of belief. As the trier of fact, it was the chancellor's province to resolve questions of credibility. Sproles v. Sproles, 782 So.2d 742 (¶ 12) (Miss.2001). Where that resolution is supported by substantial credible evidence, this Court is obligated to defer to these findings. Id. The record of this case reveals the existence of substantial credible evidence in support of the chancellor's ruling.
¶ 17. Accordingly, we find no merit to these issues.

III.

Whether an award of custody is proper when neither party requested such relief and where the trial court had insufficient evidence before it to make a proper determination.
¶ 18. Mr. Scally argues that the chancery court erred in awarding child custody and support to Mrs. Scally (1) because they were not requested and (2) because there was insufficient evidence upon which to base an award.
¶ 19. This argument is without merit.
¶ 20. There appears language in numbered paragraphs VI and VII of the divorce complaint to place the issues of child custody and support before the chancellor.
¶ 21. By statute, a chancellor having proper jurisdiction of a divorce action, is authorized to make appropriate custodial and support arrangements for any minor children. Section 93-5-23 of Mississippi Code Annotated (Rev.1999) in relevant part reads:
When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody and maintenance of the children of the marriage....
¶ 22. Additionally, Rule 15(b) of the Mississippi Rules of Civil Procedure provides, "when issues not raised by the pleadings are tried by expressed or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."
¶ 23. The chancellor, in exercising his discretion, indicated that the issues of child custody and support would be addressed. He stated, "I think we have a bifurcated trial, and I don't think the trial is concluded until after we have heard all the testimony on both the issues of divorce, as well as the issues of property rights and child custody and child support."
¶ 24. Neither of the parties objected to the chancellor's remarks as to the bifurcated nature of the trial, and each offered testimony on the issue of child custody and support.
¶ 25. The chancellor considered the evidence provided by the parties and applied to it the factors identified in Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). Having done so, he placed custody with Mrs. Scally and required Mr. Scally to provide support.

*132 IV.

Whether the trial court has jurisdiction to entertain a motion to alter a final judgment which was filed more than ten days after entry of judgment.
¶ 26. Mr. Scally asks this Court to hold that the chancellor erred in altering the nature of the alimony because Mrs. Scally's motion for alteration was time-barred.
¶ 27. In reviewing the trial record, we fail to see where Mr. Scally either objected or responded to Mrs. Scally's motion to alter the judgment. This Court does not review matters on appeal that were not first raised at the trial level. Shaw v. Shaw, 603 So.2d 287, 292 (Miss. 1992). Before an issue can be presented to this Court, it must first be presented to the trial court. This is done by an objection. Queen v. Queen, 551 So.2d 197, 201 (Miss.1989). A timely objection brings the issue to the court's attention, and gives it the opportunity to address the issue. Kettle v. State, 641 So.2d 746, 748 (Miss.1994).
¶ 28. Mr. Scally did not present this issue to the trial court, and is therefore procedurally barred from presenting it for the first time on appeal.
¶ 29. THE JUDGMENT OF THE PEARL RIVER COUNTY CHANCERY COURT IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. ALL COSTS OF THIS APPEAL ARE TAXED AGAINST THE APPELLANT.
BRIDGES, THOMAS, LEE, IRVING, AND CHANDLER, JJ., CONCUR. McMILLIN, C.J., JOINS ISSUES I, II, AND III. SOUTHWICK, P.J. CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY McMILLIN, C.J., BRIDGES, THOMAS AND LEE, JJ. MYERS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BRANTLEY, J.
SOUTHWICK, P.J., Concurring:
¶ 30. This opinion solely concerns the last issue discussed by the majority. The court finds that since there was no trial level objection that the motion for clarification was untimely, that issue was waived. In my view, there was no basis for an objection. Had this been a tardy motion for new trial under Rule 59, then it automatically is to be considered under Rule 60 that does not have the ten day time limit. Bruce v. Bruce, 587 So.2d 898, 904 (Miss. 1991); City of Jackson v. Jackson Oaks Ltd. Partnership, 792 So.2d 983, 985 (Miss. 2001). Thus waiver is not the answer.
¶ 31. The final judgment was signed on December 3, 1999, but not filed until December 7. On December 16, the motion for clarification was filed. A motion for amendment of judgment is to be filed within ten days of the entry of judgment. M.R.C.P. 59(e). The signing date of the judgment is not its entry date. It becomes effective only "when entered as provided in M.R.C.P. 79(a)." M.R.C.P. 58. Rule 79(a) provides that the court clerk enters a judgment on the general docket book and notes the date that this is done. That date, not the date that the trial judge signs an order, is the entry date for purposes of Rule 59.
¶ 32. I find that the motion for amendment of judgment was filed within ten days of the entry of judgment. A notice of appeal was filed on December 23, within thirty days of the December 7 entry of judgment. The motion for amendment of judgment was granted on February 28, 2000, when the chancellor made clear that what he had called two years of "periodic alimony" was actually part of the property distribution.
*133 ¶ 33. The December notice of appeal predated the February amended judgment. However, an appellate rule addresses the situation. It provides that a notice of appeal filed before certain post-trial motions have been resolved will be given effect as of the date of the ruling on the motions. M.R.A.P. 4(d). Included is a timely Rule 59 motion but not a Rule 60 motion filed more than ten days after entry of judgment.[1]Id. Therefore, when the trial judge ruled in February, the earlier filed notice of appeal became effective on that date.
¶ 34. With respect for the majority's analysis, I find this a necessary statement of legal principles.
McMILLIN, C.J., BRIDGES, THOMAS AND LEE, JJ., JOIN THIS SEPARATE WRITTEN OPINION.
MYERS, J., Dissenting:
¶ 35. I do not agree with my esteemed colleagues' decision affirming the chancellor's award of divorce to Patricia H. Scally on the grounds of habitual cruel and inhuman treatment. In my opinion, the evidence offered at trial was insufficient to prove this divorce ground.
¶ 36. At trial, the chancellor found that the actions of Douglas Scally towards Patricia Scally were habitually cruel and inhumane and granted a divorce in favor of Patricia Scally on that basis. The evidence of habitual cruel and inhuman treatment presented at trial was as follows: on one occasion Douglas Scally grabbed Patricia Scally's arm; that Douglas did not believe that Patricia was capable of doing a certain project; and that Douglas exercised control over the family's finances. Patricia Scally further testified to specific instances of Douglas Scally's conduct in which he would lose his temper and berate Patricia and that towards the end of the marriage she suffered ulcers and irritable bowel syndrome. The specific incidences presented by Patricia Scally were typically five to eight years apart.
¶ 37. It is well settled that in order to obtain a divorce "on the ground of habitual cruel and inhuman treatment, the conduct which evinces habitual cruel and inhuman treatment must be such that it (1) endangers life, limb, or health, or creates a reasonable apprehension of such danger and renders the relationship unsafe for the party seeking relief, or (2) renders the marriage revolting to the non-offending spouse because it is so unnatural and infamous, and makes it impossible to carry out the duties of the marriage, therefore destroying the basis for its continuance." Mitchell v. Mitchell, 767 So.2d 1037, 1041 (¶ 14) (Miss.Ct.App.2000). The evidence presented "must show more than unkindness or rudeness or mere incompatibility or lack of affection." Id. at 1042 (¶ 14). From the record of the trial of this case, the evidence illustrates nothing more than unkindness and lack of affection.
¶ 38. The chancellor's findings will not be reversed unless "manifestly wrong as to law or fact." Fisher v. Fisher, 771 So.2d 364, 367 (¶ 8) (Miss.2000). The evidence presented in this case was insufficient to support a finding of habitual cruel and inhuman treatment. The chancellor was *134 manifestly wrong in awarding a divorce on this ground. I would reverse the chancellor's decision awarding a divorce to Patricia Scally on the grounds of habitual cruel and inhuman treatment.
¶ 39. For this reason, I respectfully dissent.
BRANTLEY, J., JOINS THIS SEPARATE WRITTEN OPINION.
NOTES
[1] If this had been a motion to correct a mistake arising from oversight or omission that was filed more than ten days after judgment, which Mr. Scally argues that it was, then Rule 60 itself states that the trial judge may rule upon it unless the record has been transmitted to the appellate court; in the latter event, leave of the appellate court must be sought. M.R.C.P. 60(a). Therefore, whether this was a Rule 59 motion or because of a late filing was converted into a Rule 60 motion could affect the validity of the ruling, depending on when the trial judge finally ruled.