## KEYES *v.* KEYES

No. 43281          February 1, 1965          171 So. 2d 489

*Maxey & Clark,* Laurel, for appellant.

*McFarland & McFarland,* Bay Springs; *O. B. Triplett, Jr.,* Forest, for appellee.

INZER, J.

The appellee, Harvey W. Keyes, brought this suit in the Chancery Court of Scott County against his wife, Mignonne Keyes, appellant, whereby he sought a divorce from her on the ground of adultery. He asked also that he be awarded the custody of the two children of the parties. These children are a boy, eight years of age, and a girl, now about five years of age.

The appellant answered the bill of complaint and denied that she was guilty of the charge of adultery, and by a cross bill she sought a divorce from her husband on the ground of habitual cruel and inhuman treatment. She asked also for the custody of the two children, support for the children, exclusive use of the home and its furnishings, alimony for herself, a division of the property belonging to the appellee as lump-sum alimony, attorneys' fees, and general relief.

The chancellor heard the testimony and made detailed findings of fact. He found among other things that this was the second marriage between the parties. The first marriage had been dissolved by a decree of the Chancery Court of Hinds County rendered on December 8, 1952 whereby Mr. Keyes was granted a divorce from his wife on the ground of adultery. The parties were remarried on April 25, 1953 and lived together until August 10, 1963, at which time Mr. Keyes left his wife. The chancellor further found that the appellant had been guilty of adultery with B. F. Lee, a bachelor, who lived alone in his home in the city of Jackson, Mississippi. Upon this finding a decree was entered grant-

ing appellee a divorce and awarding him the custody of the two children. The cross bill was dismissed thereby denying the appellant alimony. From this decree appellant has appealed to this Court.

Appellant contends that the chancellor was in error in that he was manifestly wrong and prejudicial in (1) finding that the appellant was guilty of adultery and awarding the appellee a divorce on that ground; (2) finding that appellant was an unfit mother and awarding the appellee custody of the children; (3) denying the appellee permanent alimony; and (4) finding that the appellant was not entitled to any of the property jointly owned by the parties.

In regard to the divorce issue the evidence is circumstantial as to the acts of adultery, but the evidence is clear and strong and leads to the conclusion that the acts were committed. The appellant contends that the evidence does not show that the man involved was of an adulterious disposition. The testimony shows that the appellant visited this man in his home where he lived alone on the average of once or twice a month for a period of over two years. These visits were made both at night and in the daytime. At times her car would be parked at his home the next morning after she had come there the night before. The fact that this man allowed or had the appellant visit him under these circumstances certainly establishes that a mutual infatuation existed between the parties, and there was ample opportunity for them to commit the acts charged. We are of the opinion that the chancellor was justified in finding that the appellant was guilty of adultery. Bunkley and Morse, Amis on Divorce and Separation in Mississippi § 3.09(5) (1957).

The second and third assignments of error will be discussed together since they are governed by the same rule of law. We said in the case of Winfield v. Winfield, 203 Miss. 391, 35 So. 2d 443 (1948), that "when a divorce has been properly granted because of the

adultery of the wife, she is not entitled either to alimony or to the custody of the children, . . . ." 203 Miss. at 395. We are of the opinion that the chancellor was correct in finding from the evidence that the appellant was an unfit mother and that it was to the best interest of the children that their custody be awarded to the appellee. The chancellor was likewise correct in denying appellant permanent alimony. McCraney v. McCraney, 208 Miss. 105, 43 So. 2d 872 (1950); Hulett v. Hulett, 152 Miss. 476, 119 So. 581 (1928).

The final contention of the appellant is that the court was in error in denying her any of the property jointly owned by the parties. The chancellor did not make any specific finding as to the nature and character of the property owned by the parties. This was probably due to the fact that the cross bill did not allege that she owned any of the property jointly with her husband. It charged that he owned all the property and she asked for a division thereof as lump-sum alimony. If there is an issue raised by the pleadings as to this contention it would have to be under her prayer for general relief, and for that reason we will dispose of this issue. Appellant's claim that she owned some property jointly with her husband is based on a statement that appellee made on cross-examination to the effect that the $20,000 in U. S. Government Series E Bonds and $10,000 in Scott County Hospital Bonds were jointly owned by him and his wife. On redirect examination he stated that he had bought these bonds with his own funds and that the reason he said they were jointly owned was that either he or his wife could cash them. The bonds were in his possession and had been since they were purchased. The bonds were produced in court and they revealed that the hospital bonds were bearer bonds with no specific payee named therein. The U. S. Government bonds were Series E Bonds and were what are commonly called co-owner bonds. They were

payable to Harvey W. Keyes or Mignonne W. Keyes. Since the hospital bonds were bought by Mr. Keyes and have been in his possession ever since, they are his property. As to the U. S. Government Series E Bonds, between two co-owners, it is a question of fact, not of law, as to the extent of the property interest of the co-owners. One co-owner may, as a matter of fact, be the sole owner, he may be half owner, or he may have some other fractional interest therein. Under the facts in this case, which show that the appellee purchased these bonds with his own funds and has had them in his possession since that time, he is the sole owner of the bonds. The chancellor was not in error in denying appellant any interest in these bonds. 31 Code of Federal Regulations, *Money and Finance: Treasury* § 315.13 (1949); United States v. Stock Yards Bank of Louisville, 231 F. 2d 628 (1956).

██ Appellant filed a motion in this Court asking that she be awarded attorneys' fees with which to pay her counsel for prosecuting this appeal. While all issues in the case were decided against the appellant, the evidence was in dispute. Important questions were decided, and very sacred rights were in balance. The appeal is not frivolous and it cannot be regarded as harassment. She is without funds to pay her counsel for representing her, and under the circumstances of this case appellee should be required to pay a reasonable sum to her with which to pay her counsel. The trial court allowed a fee of $500. The rule of this Court is to allow one-half of the amount awarded by the trial court. **(Hn 7)** The motion is sustained and appellee will be required to pay to the appellant $250 with which to pay her attorney. Kyzar v. Kyzar, 248 Miss. 59, 157 So. 2d 770 (1963).

For the reasons stated this case is affirmed.

Affirmed.

*Lee, C. J., and Ethridge, Brady and Patterson, JJ.,* concur.