RODGERS, Justice:
This is a divorce case. It has been consolidated in this Court with an appeal from a decree reducing alimony, and by which the husband, Dr. Charles E. King, was adjudged in contempt of court. Appellant, Dr. Charles E. King, filed a divorce suit in the Chancery Court of Harrison County, Mississippi, against his wife, Mrs. Jane White King, in which he charged her with infidelity. He asked for a divorce and complete care and custody of the minor children born to Dr. and Mrs. King. They are Charles Dana King, Janis Elaine King and William Brian King. Mrs. King answered, denied the charge of infidelity, and made her answer a cross bill, in which she charged her husband with cruel and inhumane treatment,. and asked the court for a divorce. The husband admitted part of the charge, denied part, and insisted the admitted conduct was condoned.
After a long hearing, the chancellor entered a decree denying both parties a divorce. He determined that both parties were suitable persons to have the care and custody of the children. The decree required the husband to pay alimony and separate maintenance for the wife and children in the sum of $120 per week, and to pay taxes and payments due on the mortgages on the home. He gave custody of the children to appellee, Jane White King, and required appellant to purchase an automobile for the use of his family.
Thereafter, on November 29, 1965, Dr. King filed a petition in the chancery court requesting the court to void the decree of separate maintenance, in which he alleged that he had attempted in good faith to resume the marital status but Mrs. King refused his offer and had him arrested. Mrs. King filed her answer, denying that Dr. King acted in good faith and charged his offer to resume the marital status was a campaign to harass her. On January 14, 1966, Mrs. King filed a petition asking the court to cite Dr. King for contempt, upon the grounds that he was $714.65 in arrears on the alimony ordered to be paid to her. She charged that he had not purchased the automobile which he was directed to purchase by order of the court, and he had not paid the $400 attorney’s fee due by Mrs. King to her attorneys. Dr. King answered the petition, and filed an affirmative defense, alleging that Mrs. King was not entitled to separate maintenance because she refused to resume her marital duties, through no fault on the part of Dr. King. He also alleged that he was not financially able to pay the sum ordered by the previous order of the court.
The contempt proceeding was heard and the court decided that the previous order of separate maintenance and support could not be terminated by showing a willingness of the husband to return home and again live with his spouse. The court held that while the original suit was on appeal, the court could not change or modify the previous decree. Whereupon, the chancellor heard evidence on the question of the ability of appellant, Dr. King, to pay alimony and support previously allowed, and on the issue of contempt of court. The court entered a judgment against Dr. King for $714.65, due upon the previous decree, and allowed an additional $100 attorney’s fee. He directed Dr. King to sell certain stocks belonging to him and Mrs. King jointly. He directed Dr. King to pay Mrs. King her interest in the stock and found that Dr. King’s one-half interest in the stock would be subject to the judgment of the court for past due alimony. The court reduced the weekly payments from $120 to $100. Dr. King appealed from this decree, and the two appeals have been consolidated as set out, supra.
The facts in this case should not be recorded in the opinions of this Court. The evidence is well-known to the parties. There are three fine children involved, and the record shows that the father and mother both love them. Therefore, without detailing the facts, we are of the opinion that the evidence, factual and circum *411 stantial, overwhelmingly establishes the ■charge of infidelity on the part of the ap-pellee, Mrs. King. At least part of her conduct was not condoned.
We base this opinion upon the rule set out in the following cases : Keyes v. Keyes, 252 Miss. 138, 171 So.2d 489 (1965); McCraney v. McCraney, 208 Miss. 105, 43 .So.2d 872 (1950); Hulett v. Hulett, 152 Miss. 476, 119 So. 581 (1929); Banks v. Banks, 118 Miss. 783, 79 So. 841 (1918).
 The decree of the chancery court was manifestly erroneous wherein it allowed support for Mrs. King. Mitchell v. Powell, 179 So.2d 811 (Miss.1965) ; King v. King, 246 Miss. 798, 152 So.2d 889 (1963). See also cases above-cited. Moreover, Mrs. King is not entitled to recover separate maintenance from Dr. King. Cox v. Cox, 183 So.2d 921 (Miss.1966); Ethridge v. Webb, 210 Miss. 729, 50 So.2d 603 (1951).
On the other hand, Dr. King is primarily required by law to support and maintain his children. Miss. Code Ann. § 7185— 13 (1956); Bunkley and Morse’s Amis Divorce and Separation in Miss. § 9.00 (1957). The chancery court may also determine the issue of the custody of children, and may re•quire one or both parents to contribute to their support on a temporary or permanent basis as the court may find from the evi■dence to be to the best interest of the chil■dren. Bunkley and Morse’s Amis Divorce .and Separation in Miss. §§ 8.01, 9.00 (1957).
 We have reached the conclusion in the instant case that both decrees from which the appeals originated must be reversed and remanded. The appellant, Dr. King, is hereby granted a divorce from ap-pellee, Mrs. King. The decree and order ■of the chancery court granting to her separate maintenance is reversed and set aside. The case is remanded to the chancery court for determination of custody of the minor children involved. The court may determine whether or not the use of appellant’s home and an automobile is necessary for the children, taking into consideration the social standing and financial ability of Dr. King. We are of the opinion, and hold, that Dr. King should pay Mrs. King’s attorney’s fee, found to be reasonable and allowed by the chancery court. Appellee, Mrs. King, is allowed $325 additional attorney’s fee for her attorney on appeal to this Court. A judgment for the attorney’s fee in the trial court, and the fee allowed in this Court will be entered here. However, the chancery court may require appellant to make such payments, in such sums and at such times, as the trial court may determine to be fair and proper.
Decrees of the Chancery Court are reversed, divorce granted to appellant, and case remanded for further proceedings in accordance with the foregoing opinion.
GILLESPIE, P. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.