SMITH, Justice:
This case was tried in the Chancery Court of Harrison County upon the bill for divorce filed by appellant, George F. Schneegass, against his wife, appellee, Helen Roth Schneegass, the answer and cross-bill of the latter, and appellant’s answer to the cross-bill. After hearing a .great deal of testimony, at the conclusion of the trial, the chancellor delivered an opinion in which he found, (1) that the charges of adultery and of habitual cruel and inhuman treatment, made against appellee in the original bill, had not been established, and (2) that while the evidence as to the counter-charge of habitual cruel and inhuman treatment, made against appellant by appellee in her cross-bill, “did not reach the status of that ordinarily required by the court in such matters, does hereby nevertheless find that the defendant and cross-complainant (appellee) is granted a divorce from complainant and cross-defendant (appellant) on the grounds of habitual cruel and inhuman treatment.”
The court further found that appellee was a suitable person to have the custody of the two children of the marriage, ages 3)/2 years and 6 months, respectively, and that theif custody should be awarded to her, “especially in view of the fact of the tender age of the children and the fact that the oldest child is a female child and in the court’s opinion should be with her mother.”
Also, under the terms of the decree, appellant was required to pay $120 per month for the support of the children, and to pay the fees of appellee’s attorney. It is from that decree that this appeal has been prosecuted.
Several grounds are urged as requiring reversal. Among other things, appellant contends that the trial court erred (1) in failing to grant him a divorce upon the ground of adultery and (2) in granting a divorce to appellee upon the ground of habitual cruel and inhuman treatment.
Although the trial court granted a divorce to appellee upon the ground of habitual cruel and inhuman treatment, it is to be noted that, in his opinion, the chancellor found that the evidence did not meet the standard of that “ordinarily” required. An examination of the record discloses that this evidence was, in fact, wholly insufficient to sustain the charge that appellant had been guilty of habitual cruel and inhuman treatment as defined in numerous decisions of this Court. The chancellor was manifestly wrong in granting a divorce to appellee.
The character of conduct warranting a divorce upon the ground of habitual cruel and inhuman treatment is discussed in *216 Howard v. Howard, 243 Miss. 301, 138 So. 2d 292 (1962).
The Howard case, supra, followed the rule announced in Stringer v. Stringer, 209 Miss. 326, 46 So.2d 791 (1950), wherein the Court quoted from Amis, Divorce & Separation in Mississippi section 104 at 150 (1935), as follows:
“ * * * The popular idea is that, like charity, it covers a multitude of marital sins, and is the easiest road to freedom from the marital bonds. As a result suits are often brought, based on petty indignities, frivolous quarrels, general incompatibility and the petulant temper of one or both parties, seeking divorce for habitual cruel and inhuman treatment, without ever realizing or understanding, in the remotest degree, what is meant by the words as used in the statute. They do not realize the nature, gravity, or duration of the cruelty required to warrant a divorce. * * * The cruelty required by the statute is not such as merely to render the continuance of cohabitation undesirable or unpleasant, but so gross, unfeeling and brutal as to render further cohabitation impossible, except at the risk of life, limb, or health, on the part of the unoffending spouse; and that such risk must be real rather than imaginary merely, and must be clearly established by proof.”
See also Nichols v. Nichols, 197 Miss. 302, 20 So.2d 72 (1944); Price v. Price, 181 Miss. 539, 179 So. 855 (1938).
The proof in this case wholly failed to establish that appellant had been guilty of conduct of the character constituting habitual cruel and inhuman treatment as defined in the rule laid down in the above cases.
On the other hand, the evidence in the record supporting the charge of adultery, made against appellee by appellant, is overwhelming and convincing, although in part circumstantial. The chancellor should have granted a divorce to appellant upon the ground of adultery and was manifestly wrong in declining to do so.
The nature and extent of the evidence-supporting this charge is well-known to' the parties concerned, and a narration of it here would serve no useful purpose. Suffice it to say, “the evidence, factual and' circumstantial, overwhelmingly established' the charge of infidelity on the part of ap-pellee * * * ” King v. King, 191 So.2d 409, decided by this Court on October 17, 1966. See also Keyes v. Keyes, 252 Miss. 138, 171 So.2d 489 (1965) ; McCraney v. McCraney, 208 Miss. 105, 43 So.2d 872 (1950) ; Hulett v. Hulett, 152 Miss. 476, 119 So. 581 (1929); Banks v. Banks, 118 Miss. 783, 79 So. 841 (1918).
Under the peculiar circumstances of the case, we have concluded that the best interests of the children will be promoted by allowing them to remain with their mother, especially in view of their tender age. Moreover, the award of $120 per month for their support appears to be both reasonable and adequate, considered in the light of the respective incomes and financial abilities of the parties. As it appears that appellee was financially unable to employ counsel and was entitled to be represented in this litigation, the award made to her by the chancellor of $150 for the purpose of obtaining necessary representation also should be approved.
Except as to those aspects of the decree relating to the custody and support of the children and to the award to appellee of counsel fees the decree is reversed, and a judgment is entered here for appellant, awarding him a divorce from appellee upon the ground of adultery and finally dismissing appellee’s cross-bill insofar as it seeks a divorce.
The decree is affirmed as to the award of the custody of the children to appellee, the visitation rights granted appellant, the provision made for the support of the children, and the award of $150 to appellee as reasonable counsel fees.
*217 Affirmed in part and reversed in part, and a decree entered here granting- appellant a divorce from appellee.
ETHRIDGE, C. J., and RODGERS, PATTERSON and ROBERTSON, JJ., •concur.