284 So.2d 46 (1973)
Larry Lee YATES
v.
Martha Janice Rowzee YATES.
No. 47241.
Supreme Court of Mississippi.
October 15, 1973.
Roy Noble Lee, Thomas D. Lee, Forest, for appellant.
Marcus D. Gordon, Gordon & Henry, Union, for appellee.
BROOM, Justice:
Appellant Larry Lee Yates, hereinafter identified as Larry, appeals from a decree of the Chancery Court of Newton County, Mississippi. It is argued here by Larry that the trial court erred in finding that his former wife Martha, appellee herein, is a fit and proper person to have the custody of their minor child and in granting permanent custody of the child to Martha.
Larry and Martha were married June 19, 1965 and are parents of one child, Thomas Lee Yates, born May 8, 1966, and being five and one-half years of age at the time of the trial. These young parents together with the child, whom they obviously both love with commendable affection, lived in a house trailer near Martha's parents. They separated on April 29, 1971, when Martha vacated their place of abode and began residing in Clinton, Mississippi. Larry sued Martha for child custody and a divorce on the ground of adultery. She denied the averments made against her. By cross-bill she sought child custody and a divorce asserting habitual cruel and inhuman treatment as grounds therefor. The chancellor granted Larry a divorce on the ground of adultery, but narration of the details is not appropriate here. Evidence was presented to the chancellor indicating improper conduct on the part of Larry (which Larry denied) in the presence of his son and Martha. In spite of recriminatory statements made by each parent relative to their respective fitness for child custody, the chancellor made a finding that both parents are fit and proper people to have child custody. Confronted with conflicting testimony, he awarded custody of the child to Martha subject to visitation rights of Larry.
The main argument asserted by Larry is that having been found guilty of adultery, Martha is not fit or entitled to have child custody. He cites the case of Keyes v. Keyes, 252 Miss. 138, 171 So.2d 489 (1965) as authority for his contention that where the wife is found guilty of adultery by competent evidence, she is not entitled to child custody. In Keyes, the wife had an adulterous affair that lasted over two years, and the court found her to *47 be an "unfit mother" and that in the "best interest" of the children they should be awarded to the father. No such finding was made in the case at bar. The rule announced in Keyes is a general rule that a parent guilty of adultery should not be awarded child custody, but there are exceptions to this rule. Winfield v. Winfield, 203 Miss. 391, 35 So.2d 443 (1948). Winfield recognizes that even though a husband is properly granted a divorce because of the adultery of the wife, special or exceptional circumstances may justify granting child custody to the mother. Where it is clearly to the best interest of a child to remain with the mother, it may be proper to grant custody to the mother even though she may have been found guilty of adultery. Anderson v. Watkins, 208 So.2d 573 (Miss. 1968); Schneegass v. Schneegass, 194 So.2d 214 (Miss. 1966); Amis, Divorce and Separation in Mississippi § 214 (1935), and 24 Am.Jur.2d Divorce and Separation § 788 (1966).
In the case before us the chancellor found "that the best interest of the minor child can be served by awarding permanent custody to its mother" subject to visitation rights of the father, Larry. Being mindful of the general rule stated in Keyes, supra, are there present in this case sufficient special circumstances to justify awarding custody to the mother? The answer is affirmative because the record clearly shows the following facts which no doubt the chancellor was mindful of when he entered the decree granting custody to Martha. These facts are: (1) The work schedule of Larry kept him away from home during the main portion of daylight hours each work day; (2) neither parent, but instead, the grandparents kept the child while Larry was at work; (3) Larry kept the child at home with him on Monday and Tuesday nights but on all other nights he was away from home until about 9:30 p.m.; and (4) of special significance is the fact that on all nights except Monday and Tuesday nights, Larry pursued church activities until the hour of approximately 9:30 p.m. during which hours he carried the child with him. While it may be commendable for Larry to give five nights per week to church related activities, keeping the child with him (even though at church) until 9:30 p.m. each of said nights could hardly be best for the child. In view of these circumstances, and other factors obvious in this case which need not be set forth here, we are unable to say that the chancellor was in error in finding that awarding custody to Martha would best serve the interest of the child. The paramount issue in deciding child custody is what will most effectively enhance the growth and development of a child from a moral, emotional and physical standpoint.
As held by us in Winfield, supra, even though the record does not clearly and precisely show on what ground or specific finding of fact the decision of the lower court was made, we, as an appellate court, will affirm the decree if the record shows any ground upon which the decision may be justified. The facts and circumstances here presented in relation to Larry show a work schedule, pattern of life style, and other factors which the chancellor must have found would not promote the best interest of a five and one-half year old child. Obviously the trial court was mindful of the inherent detrimental effect of said factors as they relate to child care. The totality of facts and circumstances revealed by the record constitute sufficient factual and legal grounds upon which the chancellor may be said to have properly awarded child custody to Martha. We will not arbitrarily substitute our judgment for that of the chancellor who is in the best position to evaluate all factors relating to the best interest of the child. Following the recognized exceptions to the general rule announced in the cited cases of Winfield, Anderson, and Schneegass, supra, we are unable to say that the learned chancellor *48 manifestly erred in the case at bar. His decree will accordingly be allowed to stand.
Affirmed.
RODGERS, P.J., and SMITH, ROBERTSON and WALKER, JJ., concur.