418 So.2d 775 (1982)
Michelle S. WOODRUFF
v.
James Lee WOODRUFF.
No. 53295.
Supreme Court of Mississippi.
August 4, 1982.
Rehearing Denied August 25, 1982.
Dan R. Wise, Hattiesburg, for appellant.
Miller, Dean & Cordell, Hainon A. Miller, Greenville, for appellee.
Before WALKER, P.J., and BROOM and ROY NOBLE LEE, JJ.
ROY NOBLE LEE, Justice, for the Court:
Michelle S. Woodruff (Brandon) filed a petition in the Chancery Court of Washington County, Honorable Willard L. McIlwain, presiding, against James Lee Woodruff seeking to modify a former decree of the court entered May 19, 1977. She sought reimbursement for repairs to the home, which was in her possession, and for part of an income tax refund check payable to both parties, and for reasonable attorney's fees.
The May 19, 1977, decree granted unto James Lee Woodruff a divorce on the ground of habitual cruel and inhuman treatment, and awarded custody of, and support for, Ashley Shoub Woodruff, minor child of the parties, born February 3, 1976, to Mrs. Woodruff, with visitation rights to the father. Mr. Woodruff filed a cross-petition praying for modification of the decree and for permanent custody of the child. After a full hearing on March 2, 1981, the lower court modified the decree and changed custody of the minor child to Mr. Woodruff, with visitation rights to Mrs. Woodruff, gave possession of the home to Mr. Woodruff, denied reimbursement for repairs, and ordered that the IRS check be divided equally between the parties. Mrs. Woodruff has appealed from that decree and assigns five (5) errors in the trial below.
Has there been a material change in circumstances materially affecting the child's welfare adversely, and is it for the child's best interest that custody be taken from her mother?
Appellant was previously married and she has two children by that marriage  a son 17 1/2 years old, and a daughter 16 1/2 years old. Ashley Shoub Woodruff, minor child of the parties, was five years old at the time of the hearing. Appellant is employed with the Washington County Public Defender's Office at a salary of eight hundred dollars ($800.00) per month. She is thirty-eight (38) years of age, and, one week before the hearing, married Kenny W. Brandon.
The principal testimony relating to a material change of circumstances surrounding the child and the parties since rendition of *776 the final decree was from appellant, appellee, and Kenny W. Brandon. The evidence upon which the chancellor relied to establish a material change in circumstances was (1) the sixteen-year-old daughter of appellant by her former marriage became pregnant and her mother took her to Memphis, Tennessee, where an abortion was performed, and (2) from January to the latter part of February, 1981, appellant was seeing and associating with Kenny W. Brandon; at times, during such period, he shared the same bedroom with appellant. The court found that appellant had engaged in an adulterous affair with Brandon and that it was for the best interest of the child that her permanent custody be granted to appellee.
In Keyes v. Keyes, 252 Miss. 138, 171 So.2d 489 (1965), the Court held that where the wife is guilty of adultery she is not entitled to her child's custody. There, the wife had an adulterous affair that lasted over two years. The Court found that she was an unfit mother and that the best interest of the children required that their custody be awarded to the father.
In Yates v. Yates, 284 So.2d 46 (Miss. 1973), Mr. Yates was granted a divorce on the ground of adultery and, in the divorce proceeding, he sought custody of a 5 1/2-year-old child of the parties. The Court held that it was for the best interest of the child to remain with the mother, in spite of her adulterous conduct, and granted Mrs. Yates permanent custody with visitation rights to the father.
The lower court, in the case sub judice, did not find appellant, the mother, to be unfit, but did find that it was for the best interest of the minor child that her permanent custody be granted to the father. Substantial visitation rights were permitted to appellant.
We have held, and it is generally conceded, that children of tender age should be in the care and custody of their mother. It is commonly accepted that the best interest and welfare of a small child is promoted by love and care from the mother. We do not think that the isolated incident of an abortion on the 16-year-old half-sister of the minor child has any weight on the best interest of the child. Also, the short affair had by appellant with her present husband before their marriage probably had no material adverse effect on the child. In fact, it is extremely doubtful that the 5 1/2-year-old child had any understanding of the significance of such a situation.
From a careful examination of the entire record, we are of the opinion that the two incidents mentioned are not sufficient to constitute a material change in the circumstances surrounding the child and the parties, which materially affects the child adversely, and we hold that the lower court was manifestly wrong in so holding. In view of this conclusion, it is not necessary to address the other assigned errors.
The decree of the lower court modifying the final decree dated May 19, 1977, is reversed and judgment is entered here insofar as custody of the child is concerned, reinstating permanent custody of Ashley Shoub Woodruff in appellant. The case is remanded to the Chancery Court of Washington County for determining visitation rights of appellee and support for the child. As to all other relief granted each party, the decree is affirmed.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART; AND REMANDED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, BOWLING, HAWKINS and PRATHER, JJ., concur.
DAN M. LEE, J., dissents.