480 So.2d 1120 (1985)
Benita W. CARR
v.
Wilbert Marcus CARR, Jr.
No. 55029.
Supreme Court of Mississippi.
November 13, 1985.
Martin A. Kilpatrick Greenville, for appellant.
Howard Dyer, III, Dyer, Dyer & Dyer, Rabun Jones, Greenville, for appellee.
*1121 Before PATTERSON, C.J., and PRATHER and SULLIVAN, JJ.
PRATHER, Justice, for the Court:
The question addressed by this child custody appeal is whether the fact of adultery precludes, per se, the award of custody to the offending spouse. This Court holds that the fact of adultery alone does not disqualify a parent from custodianship but that the polestar consideration in original custody determinations is the best interest and welfare of the minor child.
The divorce of Wilbert Marcus Carr, Jr., and Benita W. Carr gives rise to this appeal from the Chancery Court of Washington County. Having found both parents fit parents to have custody of the children, the chancellor found that Mrs. Carr was guilty of adultery and awarded custody to the children's father, Wilbert Carr. Benita W. Carr appeals and assigns the following error:
The chancellor erred in finding the parties equally fit to have custody of the children and in granting custody to appellee because appellant had been found guilty of adultery.

I.
Wilbert and Benita Carr were married in January of 1975, and from this marriage two daughters were born, Christen, born in 1976, and Catherine, born in 1978. In addition, Benita Carr had a son by a previous marriage, Dee, born in 1971.
Benita Carr worked in Greenville as an eligibility worker for the Mississippi State Welfare Department, and Wilbert Carr, known as "Dickie," worked as a licensed realtor in Greenville.
During mid-1980 Benita Carr met and began to have an adulterous affair with another man, who was also married and had children. She admitted this fact and expressed regret for its occurrence.
In February, 1983, Dickie Carr filed for a divorce on the grounds of habitual cruel and inhuman treatment and adultery, together with a request for custody of his two daughters and exclusive possession of the marital residence.
Benita Carr filed a cross-complaint for divorce on the grounds of habitual cruel and inhuman treatment, custody of the two girls, and exclusive use and possession of the marital residence.
The chancellor in his bench opinion granted a divorce on the ground of adultery to Mr. Carr based upon the admitted testimony of Mrs. Carr and her paramour. As to custody of the children, the chancellor recited the general rule in Mississippi that the parent who is guilty of infidelity is not entitled to the custody of the children of the parties, noting an exception to this general rule being when special or exceptional circumstances may justify granting custody to the offending spouse where it is clearly in the best interests of the child. Although finding both parents equally fit to have custody of the children, the court awarded custody of the children to their father "because of the long standing continued adulterous relationship of Mrs. Carr." It was noted in the opinion that the court was "concerned with the overriding issue of what will most effectively enhance the growth and development of the children from a moral, emotional and physical standpoint."

II.
Did the chancellor err in finding the parties equally fit to have custody of the children?
The trial court found that "both Mr. and Mrs. Carr are fit and suitable parents to have custody of the children." The appellant, Benita Carr, contends that, placing aside the extra-marital relationship, she is better fit and capable of caring for the children. She also contends that finding her guilty of adultery does not automatically mean she is less fit to care for her children than her ex-husband. Mrs. Carr relies upon Yates v. Yates, 284 So.2d 46 (Miss. 1973), concluding, "Where it is clearly to the best interest of a child to remain with the mother, it may be proper to grant custody to the mother even though she *1122 may have been found guilty of adultery." Id. at 47.
Mrs. Carr would have the Court consider her disputed allegation that Dickie Carr provided the children no financial support during the couple's separation and Mr. Carr's admission that he was satisfied with the care the children received during the couple's separation.
Finally, Benita Carr argues that the chancellor did not find that Mr. Carr would be more fit to care for the children nor, she asserts, did the chancellor find that it was in the best interests of the children for their father to obtain their custody.
On the other hand, the appellee looks to the record to point out that there was ample evidence to find Mr. Carr equally fit or even more fit to care for the children. Specifically, the appellee points to Benita Carr's adulterous affair, her drinking habits, and her gambling tendencies.
The chancellor in this case found as a matter of fact, having heard all the testimony and having weighed all the evidence, that both parties were fit and suitable parents to have custody of the children. Findings of fact made by a chancellor may not be set aside or disturbed on appeal unless manifestly wrong; this is so whether the finding relates to evidentiary fact questions, or to ultimate fact questions. Tucker v. Tucker, 453 So.2d 1294 (Miss. 1984).
This Court, therefore, concludes that there is evidence in the record to support the chancellor's finding of fact that both parties are fit and suitable parents to have custody of the children and that his finding in this regard should not be disturbed.

III.
Did the chancellor err in granting custody to appellee because appellant had been found guilty of adultery?
The issue raised by this appeal is whether adulterous conduct of a parent, per se, should preclude an award of custody of minor children. The applicable statute in custody determinations is Miss. Code Ann. § 93-13-1 (1972) which states in part that "[t]he father and mother are the joint natural guardians of these minor children ..." and "have equal powers and rights, and neither parent has any right paramount to the right of the other concerning the custody of the minor... ."
Likewise, Miss. Code Ann. § 93-5-23 (1984 Supp.) provides that when a divorce is decreed, the chancery court "may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody, and maintenance of the children of the marriage... ." Court interpretations of these statutes have applied guidelines in custody determinations, and in the prior cases where adultery of a parent is proved, the parent found guilty of infidelity was not entitled to custody of children. Winfield v. Winfield, 203 Miss. 391, 35 So.2d 443 (1948); Hulett v. Hulett, 152 Miss. 476, 119 So. 581 (1928); Keyes v. Keyes, 252 Miss. 138, 171 So.2d 489 (1965). An exception to the general rule above stated was recognized when (1) temporarily as to an infant so young as not to permit separation from its mother, and (2) as to some exceptional circumstances. Winfield, 35 So.2d at 444. Stated differently, "where it is clearly to the best interest of a child to remain with the mother, it may be proper to grant custody to the mother even though she may have been found guilty of adultery." Yates v. Yates, 284 So.2d 46 (Miss. 1973); Anderson v. Watkins, 208 So.2d 573 (Miss. 1968); Schneegass v. Schneegass, 194 So.2d 214 (Miss. 1966).
These decisions express the changing mores over the last century. In earlier decisions, custodial law was used to punish and penalize spouses guilty of marital fault. The development of exceptions to the general rule evidenced a changing attitude. Generally, courts now consider the best interest rule, not marital fault, as the primary guide in custody determinations.
In an analogous case, this Court re-evaluated its position insofar as custody determination of children of "young and *1123 tender age" and brought guidelines for the factual situation in line with modern social attitudes. Albright v. Albright, 437 So.2d 1003 (Miss. 1983). In this decision today, this Court extends the guidelines set forth in Albright to custody determinations to all minor children. The Court reiterates the polestar consideration in all original custody determinations to be the best interest and welfare of the child. Factors to be considered in ascertaining best interest, as stated in Albright, are, in addition to age:
health, and sex of the child; a determination of the parent that has had the continuity of care prior to the separation; which has the best parenting skills and which has the willingness and capacity to provide primary child care; the employment of the parent and responsibilities of that employment; physical and mental health and age of the parents; emotional ties of parent and child; moral fitness of parents; the home, school and community record of the child; the preference of the child at the age sufficient to express a preference by law; stability of home environment and employment of each parent, and other factors relevant to the parent-child relationship.
Albright, 437 So.2d at 1005.
Applying these guidelines to the case sub judice, this Court notes that moral fitness of a parent encompasses the charge of adultery. But moral fitness is but one factor to be considered, and it is a factor worthy of weight in determining the best interest of the child. Adultery of a parent may be an unwholesome influence and an impairment to the child's best interest, but on the other hand, may have no effect. The trial court should consider this factor along with all others when making original custody determinations.
And as stated in Albright, marital fault should not be used as a sanction in custody awards.
With this stated extension of the Albright decision to all original custody decisions, this Court looks to the record for analysis of the appellant's position. Mrs. Carr contends that the chancellor awarded custody to Mr. Carr not because the best interests of the children would be served, but because Mrs. Carr was found guilty of adultery. Additionally, Mrs. Carr challenges the appellee's motivation for seeking custody of the children. She contends that Mr. Carr only wanted to take custody of the children in order to punish his unfaithful wife. Retribution was Mr. Carr's real objective, contends the appellant.
It is further contended by Mrs. Carr that the trial court made no finding of fact as to what was the best interest of the children.
The chancellor's analysis of the facts of this record and applicable law began with the general rule that the parent who is guilty of infidelity is not entitled to the custody of the children of the parties. The chancellor then examined the rules that special or exceptional circumstances may justify granting child custody to an adulterous mother. The chancellor looked to the work schedules, lifestyles, and other criteria and found that no such special circumstances existed.
The chancellor in the case sub judice clearly weighed the factors he thought applicable under these facts.
Additionally, the bench opinion clearly enunciated that "[t]he court is also concerned with the overriding issue of what will most effectively enhance the growth and development of the children from a moral, emotional, and physical standpoint." The chancellor's statement is but a paraphrase of the rule and amounts to an acknowledgment by him of its applicability and application to his ultimate decision. From this Court's view of the entire opinion, it concludes that the chancellor applied the rule of best interest and welfare of the children to his custody determination. It is apparent that the analysis considered adultery as but one factor in the overall consideration. This finding of the court is supported in the record.
This Court is bound by those findings unless it can be said with a reasonable certainty that those findings were manifestly wrong and against the overwhelming *1124 weight of the evidence. Torrence v. Moore, 455 So.2d 778 (Miss. 1984).
The decision of the chancellor is affirmed, finding no reversible error in the record.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.