# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-KP-00706-SCT

*ROBERT WALLACE WHITLOCK*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

**MEMORANDUM/PER CURIAM AFFIRMANCE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/19/94 |
| TRIAL JUDGE: | HON. JERRY OWEN TERRY, SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 9/4/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/25/97 |

**BEFORE DAN LEE, C.J., PITTMAN AND ROBERTS, JJ.**

**DAN LEE, CHIEF JUSTICE, FOR THE COURT:**

Robert Whitlock ("Whitlock") has appealed, *pro se*, from an order entered by the Circuit Court of Harrison County, Mississippi, denying post-conviction collateral relief.

Steve Simpson ("Simpson") was initially appointed by the court to represent Whitlock. Simpson later withdrew from the case when he joined the Harrison County D.A.'s office. Whitlock was subsequently represented by several attorneys prior to the entry of his plea of guilty of sexual battery and capital rape on October 23, 1992. At the plea hearing the State was represented by Mark Ward ("Ward"), Assistant District Attorney. Upon Whitlock's plea of guilty, the trial judge accepted the State's recommendation and sentenced Whitlock to serve thirty years on the sexual battery count and

ten years on the capital rape count, to run concurrently. The sentencing order which resulted from the hearing read that attorney Steve Simpson represented the State. Whitlock eventually filed a motion for post-conviction relief which alleged a conflict of interest on the part of the D.A.'s office concerning Simpson. Following a hearing on April 4, 1994, Whitlock's post-conviction relief motion was denied. Aggrieved by the lower court's decision, Whitlock has appealed to this Court.

Whitlock argues that portions of the record show that Simpson represented the State. The State responds that the transcript and the evidence adduced at the two hearings establish that Simpson did not, in fact, represent the State at the plea hearing and did not have any involvement in the State's prosecution of Whitlock.

The facts developed during two hearings, one held on February 7, 1994, and the other held April 4, 1994, clearly disclose that Simpson had no involvement in the case against Whitlock and illustrate that Simpson's name in the sentencing order was simply a scrivener's error. In the February 7, 1994, hearing Whitlock argued that Steve Simpson's name was on the transcript papers (in reality only on the sentencing order), therefore Simpson was the prosecuting attorney, and that it was so stated in the court at the time that he was the prosecuting attorney. Ward pointed out that the transcript of the criminal case stated that he, Ward, had represented the State in all phases of the prosecution of Whitlock.

At the April 4, 1994, hearing Simpson testified as follows:

> Your Honor, I have never appeared in the prosecution of this case. I was appointed as a public defender in the early stages when Mr. Whitlock was originally charged, but when I moved into the district attorney's office I've never appeared on behalf of the State and prosecution of this case, and don't make an appearance in this motion. Mr. Ward represents the State on behalf of this motion.

The court considered the transcript of Whitlock's plea hearing and observed that Ward represented the State, that Michael Hester represented Whitlock, and further, that there was no mention of Mr. Simpson whatsoever. The judge explained further that there was a certificate attached to the transcript by the court reporter attesting to the fact that it was an official transcription. Additionally, Whitlock did not allege, either in his motion to vacate or during the evidentiary hearing, and no evidence was adduced which so indicated, that he had divulged any confidential information to Simpson.

The judge reviewed the transcript and stated, "all I can go by is the official transcript," and that he had "reviewed the transcript and I have no problems with the transcript." Based upon his consideration of the testimony and the transcript, the trial judge then entered an Order denying Whitlock's motion.

The findings of the trial court will not be disturbed by a reviewing court unless clearly erroneous and there is a lack of substantial credible evidence to support such findings. *Merritt v. State*, 517 So. 2d 517, 520 (Miss. 1987). We will not vacate such a finding, although there is evidence to support it, unless on the entire evidence we are left with the definite and firm conviction that a mistake has been made. See *Gavin v. State*, 473 So. 2d 952, 955 (Miss. 1985); *Neal v. State*, 451 So. 2d 743, 753 (Miss. 1984). We have made clear that this limitation upon our scope of review applies to both

findings of ultimate fact and review of findings of evidentiary fact. See *Norris v. Norris*, 498 So. 2d 809, 814 (Miss. 1986); *Carr v. Carr*, 480 So. 2d 1120, 1122 (Miss. 1985). It is well settled that where, as here, the trial court sits without a jury, this Court's standard of appellate review is quite limited. In such cases, this Court will not set aside findings of the trial court unless such findings are clearly erroneous. *Schmitt v. State*, 560 So. 2d 148, 151 (Miss. 1990). Moreover, this Court will not reverse such findings of fact where they are supported by substantial credible evidence. *Yarborough v. State*, 514 So. 2d 1215, 1220 (Miss. 1987).

The findings of the judge in the instant case were not clearly erroneous and were abundantly supported by the record. Therefore, the trial court correctly denied Whitlock's motion to vacate the guilty plea. The decision of the lower court is therefore affirmed.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**