CHANDLER, J„
FOR THE COURT:
¶ 1. Roger and Linda McCraw were granted a divorce in the Chancery Court of Jasper County on the ground of adultery committed by Linda. Primary custody of the four children was awarded to Linda. Roger now appeals the custody ruling of the lower court. Finding no error, we affirm.
FACTS
¶2. Roger and Linda McCraw were married on June 26, 1992. They had four children: two daughters, ages eleven and eight, and two sons, ages nine and six. On December 26, 1998, the parties separated. Roger moved out of the marital home and into his mother’s home. Since the separation, Linda has moved three times. The court entered a temporary order on September 15, 2000, providing Linda with temporary custody of the two daughters and Roger with temporary custody of the two sons.
¶ 3. During the separation, Linda was involved in two romantic relationships. On January 17, 2002, the chancellor granted a divorce on the ground of adultery committed by Linda, and awarded custody of the four children to Linda. Roger filed a post trial motion claiming the trial court erred in not granting him primary custody. The trial court overruled the motion, and Roger appeals. Finding no merit, we affirm.
LAW AND ANALYSIS
¶ 4. Linda failed to file a brief in response to Roger’s allegations. Generally, the failure to submit a brief on appeal is considered a tantamount confession of the errors alleged by the appellant. Muhammad v. Muhammad, 622 So.2d 1239, 1242 (Miss.1993). However, this Court is not *1183 required to automatically reverse the chancellor’s ruling. Id. In cases concerning child custody, the appellate court is compelled to review the record, despite a failure to file a brief. Id.
I. DID THE TRIAL COURT COMMIT MANIFEST ERROR IN AWARDING CUSTODY OF THE CHILDREN TO LINDA?
¶ 5. “The standard of review in child custody cases is limited; the chancellor must either commit manifest error, act in a way that is clearly erroneous, or apply an erroneous legal standard before this Court can reverse.” Passmore v. Passmore, 820 So.2d 747, 749(¶ 5) (Miss.Ct.App.2002).
¶ 6. In a child custody case, the chancellor must keep the best interest of the child as his paramount concern. Albright v. Albright, 437 So.2d 1003, 1004 (Miss.1983). The Mississippi Supreme Court established eleven factors to aid our courts in making the determination of what is in the best interest of the child:
(1) age, health and sex of the child;
(2) a determination of the parent that has had the continuity of care prior to the separation;
(3) which has the best parenting skills and which has the willingness and capacity to provide primary child care;
(4) the employment of the parent and responsibilities of that employment;
(5) physical and mental health and age of the parents;
(6) emotional ties of parent and child;
(7) moral fitness of the parents;
(8) the home, school and community record of the child;
(9) the preference of the child at the age sufficient to express a preference by law;
(10) stability of home environment and employment of each parent and
(11) other factors relevant to the parent-child relationship.
Id. at 1005.
¶7. The court found three factors in favor of the mother and two factors in favor of the father. The other seven factors the court held were either neutral to both parents or irrelevant to the case. Roger contends that the chancellor should have found in favor of him on the factors of continuity of care, better parenting skills, employment of the parents, and health of the parents. He also contends that the chancellor should have granted more weight to Roger’s higher moral fitness and his more stable home environment.
(1) CONTINUITY OF CARE
¶ 8. The chancellor stated that Roger’s work schedule conflicted with his ability to care for the children. Roger testified that until three days before trial, he worked the night shift from 2:00 p.m. until 3:00 a.m. at Hoi-Mac Corporation. He acknowledged that Linda, prior to the separation, and Roger’s mother, during the temporary custody arrangement, had provided the majority of care for the children.
¶ 9. Roger argues that the judge did not take into consideration the change in his work schedule. His new schedule requires him to work from 5:00 a.m. until 3:30 p.m. Under his new schedule, Roger will be unavailable in the morning. We fail to see how this change should outweigh Linda’s proven record of continued care for the children.
(2) BEST PARENTING SKILLS
II10. Roger acknowledged that Linda had always done the majority of the cooking, cleaning and caring for the children. While it is true that Linda’s adultery does not conform with the traditional notion of *1184 good parenting skills, given the totality of the circumstances, the chancellor was not in error to conclude that Linda exhibited better parenting skills.
(3) EMPLOYMENT OF PARENTS
¶ 11. Roger stated that Linda’s dependance on her second boyfriend, Tyler Smith, for money was not stable. Linda did testify that Tyler paid the rent on her three bedroom mobile home. However, Linda stated that once the divorce was final, she and Tyler were to be married.
¶ 12. Roger also argued that the chancellor should have found in favor of him due to Linda’s lack of employment. She is currently enrolled at Bessemer State Technical College in Alabama, receiving a degree in computer science.
¶ 13. The chancellor stated that her schedule, unlike Roger’s schedule, allows her to be home with the children when they leave for school in the morning and when they arrive home in the afternoon.
(4) PHYSICAL AND MENTAL HEALTH OF THE PARENTS
¶ 14. The chancellor concluded that both parents were on equal footing regarding their mental and physical health. Roger asserts that the chancellor should have found in favor of Roger due to Linda’s previous commitment to a mental health facility for depression and for her surgery for cancer. At the time of trial, Linda was under no medication and had fully recovered from her operation. Nothing in the record indicated that Linda was physically or emotionally incapable of providing the primary care, custody, and control of the children.
(5) MORAL FITNESS OF THE PARENTS
¶ 15. The chancellor concluded that this factor weighed in favor of Roger. However, Roger asserts that the chancellor should have allocated more weight to this factor because of Linda’s adulterous relationships.
¶ 16. Linda admitted that she had been romantically involved with two different men after the separation. She admitted that she had spent the night at Tyler’s house; however, she denied ever sleeping in the same bed with him. She also stated that her daughters would spend the night with her at his home while he was working the night shift.
¶ 17. “[S]exual misconduct ... is not per se grounds for denial of custody.” Hollon v. Hollon, 784 So.2d 943, 949(¶ 25) (Miss.2001). A wife may still be awarded custody of the children even if the husband is granted a divorce on the grounds of adultery. Id. “Our cases well recognize that it may be in the best interest of a child to remain with its mother even though she may have been guilty of adultery.” Id. (citing Cheek v. Ricker, 431 So.2d 1139, 1144-45 (Miss.1983); Yates v. Yates, 284 So.2d 46, 47 (Miss.1973); Anderson v. Watkins, 208 So.2d 573 (Miss.1968); Schneegass v. Schneegass, 194 So.2d 214 (Miss.1966)).
¶ 18. No evidence was presented at trial regarding any detrimental effects the children may have suffered as a result of these affairs. The chancellor’s decision was correct as to this factor.
(6)STABILITY OF THE HOME ENVIRONMENT
¶ 19. The chancellor concluded that this factor weighed in favor of the father. The chancellor stated that the mother’s movement three times since the divorce contributed to this finding. Roger asserts that the chancellor should have allocated more weight to this factor.
*1185 ¶ 20. The trial court found no evidence that Linda was unfit to care for the children. Also, there was no evidence presented regarding any detrimental effects the children were suffering as a result of living with their mother.
¶ 21. After weighing all the factors, the chancellor found that the best interest of the children would be served by granting primary custody to Linda. We find that the chancellor’s decision was supported by credible evidence; thus, we affirm.
¶ 22. THE JUDGMENT OF THE JASPER COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.